IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

DAVID THOMAS LUMPKIN, JR.          §

VS.                                §          CIVIL ACTION NO.   1:24-CV-88

WELLPATH                           §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff David Thomas Lumpkin, Jr., a federal prisoner previously confined in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Wellpath, a corporation whose employees provide medical care to the inmates at the federal prison.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges physicians employed by Wellpath did not correctly diagnose a medical condition involving the stump of Plaintiff's amputated limb, and they provided him with incorrect and unnecessary medical treatment for the condition.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

<u>Analysis</u>

In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal employees for alleged violations of constitutional rights in limited circumstances. *Bivens*, 403 U.S. at 396. The Supreme Court has declined to extend the reach of *Bivens* to allow a cause of action against a corporation providing services under a contract with the Federal Bureau of Prisons (BOP). *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63 (2001). Because Wellpath is a corporation providing contract services to the BOP, the defendant may not be sued under *Bivens*. *See Bailey v. United States*, No. 1:22-CV-408, 2023 SL 8628920, at *2 (E.D. Tex. Oct. 31, 2023) (finding that Wellpath is a corporation that provides contract medical services

to the Bureau of Prisons), *report and recommendation adopted by Bailey v. United States*, No. 1:22-CV-408, 2023 WL 8622969, at *1 (E.D. Tex. Dec. 12, 2023).  As a result, this *Bivens* action should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e).

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE